## No. 3308

### Second Circuit

### REICHLER, FAIRLEY AND POSSOIT v. SOUTHWESTERN GAS & ELECTRIC CO.

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)
(January 28, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Vernis Morgan and George Naff, of Shreveport, attorneys for plaintiffs, appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

WEBB, J. The plaintiffs, J. P. Reichler, J. A. Fairley, and Vernon Possoit, instituted suit against the defendant, Southwestern Gas & Electric Company, to

recover compensation for disability alleged to have resulted from injuries received by them while employed by the defendant and arising in the course of and out of their employment. The injuries were alleged to have been received at the same time and under the same circumstances, and the defenses set up to the suits being practically the same, they were consolidated, and on trial judgment being rendered against plaintiff they joined in an appeal.

Plaintiffs were painters in the employ of defendant, and, on or about August 17, 1927, they were engaged in painting the inside of a steel tank, and they allege that while in the course of the work they inhaled poisonous fumes given off from the paint, which is alleged to have contained coal tar and creosote, causing them to become dizzy and burning the nasal passages and respiratory organs, which had resulted in causing them to become nervous, weak and unable to breathe normally, and totally disabling them to do any work of a reasonable character, to which defendant excepted that the petitions failed to state a cause of action, which was referred to the merits, and defendant then answered, alleging that plaintiffs had not made any complaint to any officer or agent of the company within six months after the aleged accident, and denying that plaintiffs had received any injury or that they were disabled.

Each of the plaintiffs stated that on the date alleged and while they were engaged in painting the tank with a paint containing coal tar and creosote, they had inhaled the fumes, causing them to become dizzy, and one of their number, Mr. Reichler, to become asphyxiated, rendering it necessary for them to quit work for some minutes, after which they returned to the work and completed the painting.

They each stated that several days after they had inhaled the fumes they expectorated blood and mucus and that since they had suffered with shortness of breath and periods of suffocation and that their condition had gradually grown worse until about the time of the suit, on January 27, 1928, when their condition was such that they could not follow their occupation or stand confinement in any close place and were unable to do a day's work due to shortness of breath, nervousness, and their weakened condition, which conditions continued and existed at the date of the trial, in March, 1928.

Plaintiffs produced a sample of the paint which they claimed had been used by them in the work, which was analyzed by a chemist and found to contain coal tar or pitch, which would give off poisonous fumes of such character, if inhaled, as would cause the nasal passages and respiratory organs to become irritated, and they also produced radiographs of their bronchial tubes and lungs which showed a fibrous condition of those organs which the physicians called by plaintiffs stated was sufficient to produce the ailments of which plaintiffs complained and to partially disable them, and which condition the physicians stated could have been produced by inhaling poisonous fumes of the character given off by paint having the base of the sample produced by plaintiffs and analyzed by the chemists, but the physicians also stated that the condition of the respiratory organs of the plaintiffs could have been produced by disease, such as heart trouble, influenza, and pneumonia.

On the other hand, defendant produced witnesses who testified that the paint used in the work was not of the character of that of the sample produced by the plaintiffs, and an analysis of samples of the

paint scraped from the tank which was made by chemists representing defendant as well as the chemist representing plaintiffs showed it was an entirely different paint from that of the same produced by plaintiffs and concededly would not give off fumes which would ordinarily tend to cause any irritation of the nasal passages and respiratory organs but would, as other fumes from paints, sometimes cause dizziness, which would pass away without leaving any effect, and defendant also called physicians who did not regard the condition of plaintiffs' respiratory organs as revealed by the radiographs as serious as those called by the plaintiffs, and while they concurred with the physicians called by the plaintiffs as to the cause of the condition, that is, that it could have been produced by inhaling poisonous gases of the character which would be given off by fumes from paint such as the sample produced by plaintiffs, as well as diseases, such as a decompensating heart, tuberculosis, influenza, and pneumonia, they were of the opinion that the condition was the result of such diseases, as their examination showed that Fairley had a decompensating heart, and the radiograph revealed that he had had tuberculosis, and concededly both Reichler and Possoit had influenza before the radiographs were taken, having been treated by one of the physicians during their illness with that disease, and Possoit also admitted that he had had pneumonia.

The preponderance of the evidence concededly established that the paint used by the plaintiffs was not of the character of the sample produced by them, nor of such character as that the fumes given off therefrom would ordinarily cause more than a temporary dizziness, and the physicians agreed that where the fumes were sufficient to have caused such an irritation as to result in the fibrous condition of plaintiffs' respiratory organs, there would be immediate disability lasting for several days, which was admittedly not the case in the present instance, as the plaintiffs continued in their employment with defendant from the date of the alleged accident until the 24th of December, 1927, when they were let out, due to the fact that defendant did not have any work for them, and during that period, from the date of the alleged accident to December 24, 1927, plaintiffs apparently were able to do their same work as before, at the same wages and without any complaint insofar as the record shows.

The theory of the plaintiffs that they had received an accidental injury by their respiratory organs being burned or irritated by poisonous fumes given off from the paint which they were using, was, we think, disproved by the evidence establishing that the paint used by them would not ordinarily have a tendency to cause such injury, and by the evidence showing that if such injury had been sustained that immediate disability would have followed, which was admittedly not the case, and while it may be that the defendants were disabled to some extent, as they testified they were, the evidence shows that if such was the case, that the cause of their disability resulted from diseases with which they had been afflicted, which the evidence does not show was attributable to or aggravated by any injury received in their employment.

The judgment appealed from is therefore affirmed at plaintiffs' cost.